IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| BOB AHMADI, #624218 | § |
| | § |
| V. | § CIVIL ACTION NO. G-04-083 |
| | § |
| RAYMOND SOVA | § |

## REPORT AND RECOMMENDATION

Plaintiff Bob Ahmadi brought this complaint pursuant to 42 U.S.C. § 1983 against officer Raymond Sova, alleging excessive use of force in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Currently pending before the Court is Defendant's Motion for Summary Judgment, to which Plaintiff has filed a response. Having considered all motions, evidence and applicable law, this Court makes the following recommendation to the District Court.

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party in a summary judgment action "bears the initial responsibility of informing the District Court of the basis for its motion, and identifying those portions of the pleadings, interrogatories, and admissions on file, together with the affidavit(s), if any, which are believed to demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant makes this showing, the burden shifts to the non-movant to show that summary judgment is not appropriate. *Id*. at 325. This burden is not satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. *Little v. Liquid Air Corp*. 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, the non-moving party must come forward with competent summary judgment evidence showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). To avoid summary judgment, the nonmoving party must adduce admissible

evidence which creates a fact issue concerning existence of every essential component of that party's case; unsubstantiated assertions of actual dispute will not suffice. *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir.1992), *citing Celotex,* 477 U.S. at 323. The Fifth Circuit has stated that once the moving party has met its burden, the nonmovant must direct the court's attention to admissible evidence in the record which demonstrates that it can satisfy a fair-minded jury that it is entitled to a verdict in its favor. *ContiCommodity Services, Inc. v. Ragan*, 63 F. 3d 438, 441 (5th Cir.1995).  Although the Court must draw all inferences in favor of the party opposing the motion, an opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the pleadings. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir.1991); *see also Gordon v. Watson*, 622 F.2d 120 (5th Cir.1980) (litigants may not oppose summary judgment through unsworn materials). Similarly, a bald allegation of a factual dispute is insufficient, in itself, to create a genuine issue of material fact. *S.E.C. v. Recile*, 10 F.3d 1093, 1097  n. 15.  In short, a properly supported motion for summary judgment should be granted unless the opposing party produces sufficient evidence to show that a genuine factual issue exists. *Hulsey*, 929 F.2d at 170, *citing Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986).

In his Original Complaint, Plaintiff alleges that on June 22, 2002, he was attending a Catholic service when he was summoned to the back of the chapel by Defendant.  Defendant then accused Plaintiff of being a "Muslim Arab Terrorist" and questioned him about his parents' religious preference.  Defendant continued to "rant"; therefore, Plaintiff returned to his pew and was followed by Defendant, who allegedly grabbed Plaintiff by the collar and began choking him.  Plaintiff asserts that when he tried to remove Defendant's hand from his neck, Defendant tried to break his thumb by bending it backwards.  Defendant next allegedly shoved Plaintiff down on the pew and grabbed everything out of Plaintiff's pocket, including his ID, then threw the items in Plaintiff's face, kicked

him in the shin, and left.  As a result of Defendant's actions, Plaintiff states that he suffers from back problems, a swollen neck, troublesome leg problems and hand tremors.

In his Motion for Summary Judgment, Defendant has provided verified medical records (Exhibit A) in support of his defense that Plaintiff suffered only *deminimis* injuries, if any at all, from the alleged incident of excessive use of force on June 22, 2002.  Having reviewed the medical records in their entirety, the Court notes several entries which appear to be significant as to the cause and extent of Plaintiff's injuries alleged to have been inflicted on June 22, 2002.

On May 13, 2002, Plaintiff fell at work and was examined in the infirmary for complaints of right shoulder and elbow pain radiating down to his hand and to his back. (M.R. at 001).  The next day, Plaintiff was again injured when an ice bucket fell on him.  He complained of tenderness in his right elbow, shoulder and lower back. (M.R. at 007).  On June 19, 2002, three days prior to the alleged use of force, Plaintiff was again examined in the infirmary for, *inter alia*, shoulder pain. (M.R. at 009).  On June 22, 2002, Plaintiff was examined in the infirmary after the alleged use of force made the basis of this suit.  The medical record clearly states: "Patient denies any injuries and denies respiratory difficulty...No visible injuries or respiratory distress noted...No adverse health effects from use of force." (M.R. at 010).  On June 25, 2002, only three days subsequent to the alleged use of force, Clinic Notes reveal that Plaintiff entered the infirmary again, making the same allegations against another inmate as he had against the Defendant, complaining that he had been "jumped by another inmate who thought him to be an arab and called him a terrorist, c/o pain in rt thumb due to opponent bending his thumb, rt leg also hurting."  The examining nurse practitioner noted "no deformity of rt thumb...App. 3mm open dry wound on shin of rt leg." (M.R. at 011).  On September 23, 2002, an overall Case Summary of all Plaintiff's maladies notes: "Extremity Pain first observed **4/18/02** (Active)...Hard Tissue Disease first observed **6/18/02** (Active)...Musculoskeletal

3

Symptoms first observed **5/13/02** (Active)." (M.R. at 027).  The Court would note that these medical conditions were all pre-existing prior to the alleged use of force on June 22, 2002.

On January 7, 2003, Plaintiff re-injured his shoulder and complained of moderate to severe pain radiating to his trapezius muscle and neck. (M.R. at 045). On March 6, 2003, Plaintiff was taken to the infirmary for a pre-hearing detention examination after an altercation with several other inmates. Plaintiff presented with a six-inch laceration to the left side of his neck, allegedly caused by a pair of kitchen tongs; complaints of abdominal pain from being kicked; and a headache from being struck by the other inmates. (M.R. at 062-068). On June 5, 2003, Plaintiff complained of "Rt. thumb pain from a year old injury. (M.R. at 074). On October 8, 2003, Plaintiff's complaints of back pain were diagnosed as "Low Back Syndrome." (M.R. at 075). On October 13, 2003, Plaintiff was examined after allegedly being hit on both jaws and on both sides of his head and mouth by another inmate. (M.R. at 076). On October 27, 2003, Plaintiff was again examined for complaints stemming from the assault of October 13, 2003. Plaintiff complained of pain in his lower jaw which caused him to have headaches and neck pain. (M.R. at 081). The next year, on May 25, 2004, Plaintiff presented with hand tremors, a slight head tremor and a "coarse shake." (M.R. at 086). The medical plan at the time was to rule out Parkinson's disease vs. other neurological disease. Plaintiff filed the instant cause in January, 2004.

Under the Eighth Amendment, a correctional officer's use of excessive force against a prisoner may constitute cruel and unusual punishment. *Hudson v. McMillian*, 503 U.S. 1 (1992). Inmates raising allegations of excessive force must show that the force used was malicious and sadistic and for the very purpose of causing harm, rather than in a good faith effort to restore discipline; the Court also noted that the Eighth Amendment's prohibition of cruel and unusual

punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Id.*

In accordance with the decision in *Hudson*, the Fifth Circuit has instructed the courts in this circuit to consider five factors in analyzing excessive use of force claims: (1) "the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response." *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992). With reference to the first factor, the Fifth Circuit has expressly held that the claimant must show injuries that are more than *de minimis*, even if not "significant, serious, or more than minor." *Gomez v. Chandler*, 163 F.3d 921 (5th Cir.1999); *accord, Hudson*, 503 U.S. at 7. Not every push or shove, even if it may seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir.), *cert. denied*, 414 U.S. 1033 (1973).

Plaintiff states in his response to Defendant's Motion for Summary Judgment that he suffered "tremor, fractured arm, broken finger and other injuries" as a result of Defendant's alleged use of force on June 22, 2002. Medical records from his visit to the infirmary that day show, however, that Plaintiff presented with no discernible injuries, and he <u>stated</u> that he had suffered no injury. (M.R. at 010). Plaintiff's medical records reveal absolutely no evidence of any injuries consistent with his allegations; in such cases, the Court may conclude that the allegations are implausible. *Wesson v. Oglesby*, 910 F.2d 278, 281-82 (5th Cir. 1990). "Bare assertions of a serious medical condition" are insufficient without medical evidence verifying that the condition existed. *Id.* Clinic notes also contain no indication that Plaintiff filed any sick call requests complaining of the June 22, 2002 incident, or that he ever sought medical care. In fact, the very next entry in his medical records,

5

dated June 25, 2002, reveals that Plaintiff entered the infirmary making the exact same allegations of force at the hands of another inmate as he had against the Defendant.

The objective factors of the verified medical records are plainly inconsistent with Plaintiff's allegations; Plaintiff cannot simply manufacture a factual dispute by asking the Court to draw inferences contrary to the evidence. *Matushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 524, 586-87 (1986). While medical records reveal that Plaintiff suffers from numerous maladies, Plaintiff has presented no evidence to show that his physical condition was connected with an incident occurring almost two years earlier. Even when viewed in the light most favorable to the Plaintiff, the competent summary judgment evidence shows that he suffered no more than *de minimis* injuries as a result of the incident forming the basis of this lawsuit. As a result, the Court has no occasion to consider the remaining *Hudson* factors. Because Plaintiff suffered no more than *de minimis* injuries and has not shown that the use of force was of a type "repugnant to the conscience of mankind," his claims are excluded from constitutional recognition and must be dismissed.

Accordingly, for the foregoing reasons, it is the **RECOMMENDATION** of this Court that Defendant's Motion for Summary Judgment (Instrument no. 30) be **GRANTED and the instant complaint be DISMISSED with prejudice as frivolous.**

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **February 26, 2007,** in which to have written objections physically on file in the Office of the Clerk. <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300</u>. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the

prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___5th___ day of February, 2007.

_____
John R. Froeschner
United States Magistrate Judge